IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| 4405 BAY VALLEY FAMILY LAND TRUST, ET AL., | § § § | |
| Plaintiffs, | § § | |
| V. | § § | No. 3:13-cv-2545-N-BN |
| HUGHES WATTERS ASKANASE, LLP, ET AL., | § § § | |
| Defendants. | § § | |

**SUPPLEMENTAL AND AMENDED FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

This action has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b). Defendants JPMorgan Chase Bank, N.A. ("JPMC"), incorrectly sued as "Chase," and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively, the "Moving Defendants") filed a Motion to Dismiss Plaintiffs' Complaint [Dkt. No. 9] (the "Motion to Dismiss"), seeking judgment in their favor on all claims. The Moving Defendants have also filed a Motion for Pre-Filing Injunction. *See* Dkt. No. 14.

On December 10, 2013, the undersigned issued his Findings, Conclusions, and Recommendation on these motions. The undersigned recommended that the Plaintiff 4405 Bay Valley Family Land Trust should be dismissed from this action for failure to obtain legal counsel; that Plaintiff David M. Wethy's Motion to Dismiss the Trust [Dkt. No. 24] should be denied as moot; that the Moving Defendants' Motion to Dismiss [Dkt.

-1-

No. 9] should be granted as to Plaintiff David M. Wethy, the Complaint should be dismissed without prejudice, Wethy should be granted 21 days from the date of any order adopting the Findings, Conclusions, and Recommendation in which to file an amended complaint, and the Court should order that, if Wethy fails to do so, the case will be dismissed with prejudice without further notice; and that the Moving Defendants' Motion for Pre-Filing Injunction [Dkt. No. 14] should be denied without prejudice. *See* Dkt. No. 27. Any party who objects to any part of these findings, conclusions, and recommendation was required to file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). No party has done so, and the time for filing any such objections has passed.

But Wethy filed a Notice of Nonsuit without Prejudice on December 30, 2013. *See* Dkt. No. 28. These Supplemental and Amended Findings, Conclusions, and Recommendation address that filing and its effect on the undersigned's December 10, 2013 Findings, Conclusions, and Recommendation.

In Wethy's Notice of Nonsuit without Prejudice [Dkt. No. 28], Wethy, purporting to act "as Trustee" and on behalf of the 4405 Bay Valley Family Land Trust, states that, "[a]fter reviewing all the conclusions and findings of fact, I wish to inform this court that I no longer nor the trust wish to pursue this case." *Id.* at 1. Wethy notes that "Defendants have not filed a counterclaim in this matter," and, therefore, Wethy "moves the court to Grant a nonsuit of all my claims against the defendants without prejudice in the above-styled lawsuit." *Id.*

As the undersigned has previously noted, it is well settled that a non-attorney

trustee may not represent a trust *pro se*. Accordingly, the undersigned recommends that the Court should not consider this motion for voluntary dismissal to be properly filed on behalf of Plaintiff 4405 Bay Valley Family Land Trust. Rather, for the reasons explained in the undersigned's December 10, 2013 Findings, Conclusions, and Recommendation [Dkt. No. 27], 4405 Bay Valley Family Land Trust should be dismissed from this lawsuit because the Trust has failed to retain legal counsel as required the Court's Notices of Deficiency [Dkt. Nos. 15 & 22].

As for Wethy, his Notice of Nonsuit without Prejudice [Dkt. No. 28] should be treated as a motion for voluntary dismissal under Fed. R. Civ. P. 41(a)(2). Rule 41(a) provides:

> (a) Voluntary Dismissal.
>
> (1) By the Plaintiff. (A) Without a Court Order. Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared. (B) Effect. Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.
>
> (2) By Court Order; Effect. Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

FED. R. CIV. P. 41(a). Here, the Moving Defendants have answered, *see* Dkt. No. 25, and

no stipulation of dismissal signed by all parties has been filed. Voluntary dismissal without a court order under Rule 41(a)(1) is therefore unavailable.

The United States Court of Appeals for the Fifth Circuit has recently summarized the governing law for Rule 41(a)(2) voluntary dismissals:

> Rule 41(a)(2) of the Federal Rules of Civil Procedure provides, in relevant part, that after a defendant files an answer or a motion for summary judgment "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Voluntary dismissals "should be freely granted," but a plaintiff's request will not be allowed if "the non-moving party will suffer some plain legal prejudice." Plain legal prejudice may occur when the plaintiff moves to dismiss a suit at a late stage of the proceedings or seeks to avoid an imminent adverse ruling in the case, or where a subsequent refiling of the suit would deprive the defendant of a limitations defense. The "primary purpose" of this rule is to avoid "voluntary dismissals which unfairly affect the other side."

> For example, if a plaintiff "fails to seek dismissal until a late stage of trial, after the defendant has exerted significant time and effort, then a court may, in its discretion, refuse to grant a voluntary dismissal." On the other hand, plain legal prejudice does not include the mere prospect of a second suit or the mere incursion of expense. If the district court determines that an unconditional dismissal will cause the defendant plain legal prejudice, it may either deny the motion to dismiss or impose conditions that will cure the prejudice. The latter course may include dismissing the suit with prejudice.

*Harris v. Devon Energy Prod. Co., L.P.*, 500 F. App'x 267, 268 (5th Cir. 2012) (citations omitted).

The Moving Defendants oppose Wethy's request for voluntary dismissal without prejudice under Rule 41(a)(2). *See* Dkt. No. 30. They argue that a dismissal without prejudice would create undue prejudice against the Moving Defendants and would prevent final adjudication of a case-dispositive motion that has already been addressed

by the undersigned; that Plaintiff's request for dismissal without prejudice should be denied; and that Plaintiff's claims should be dismissed with prejudice. *See id.* The Moving Defendants assert that Plaintiff now seeks dismissal without prejudice after the undersigned has considered and rejected each of his claims in his Findings, Conclusions, and Recommendation on the Moving Defendants' Rule 12(b)(6) motion but before judgment is entered and that, under the case law interpreting and applying Rule 41(a)(2), outright dismissal should be refused when a plaintiff seeks to circumvent an expected adverse result. *Id.* The Moving Defendants further argue that, if the suit is dismissed without prejudice at this point, Wethy would retain the ability to file another lawsuit on these claims to delay foreclosure, despite the undersigned's prior conclusions and recommendation with respect to these same claims, and that this would significantly prejudice the Moving Defendants, who would again have to retain counsel and expend further resources to re-litigate meritless claims. *See id.*

The undersigned understands the Moving Defendants' concerns but concludes that they have not shown how they will suffer "plain legal prejudice" from an order granting Wethy's requested dismissal without prejudice. Wethy may well be seeking to avoid an imminent adverse ruling in the case, where the undersigned has recommended granting the Motion to Dismiss [Dkt. No. 9] the Complaint. But the undersigned recommended dismissal <u>without</u> prejudice and that Wethy should be granted 21 days from the date of any order adopting the Findings, Conclusions, and Recommendation in which to file an amended complaint. Although the Court has not yet adopted the undersigned's December 10, 2013 Findings, Conclusions, and

Recommendation [Dkt. No. 27], Defendants made no objection, timely or otherwise, to the recommended relief therein, including that Wethy's claims be dismissed without prejudice.

Granting Wethy's voluntary dismissal without prejudice, therefore, places Defendants in the same position as if the Court adopted the undersigned's December 10, 2013 Findings, Conclusions, and Recommendation – except that Wethy will not be granted the opportunity to file an amended complaint in this case. This is not a case in which discovery has occurred and a plaintiff is seeking voluntary dismissal to avoid an imminent ruling on the merits of a plaintiff's claims on summary judgment, as was the case in the decision on which the Moving Defendants primarily rely. *See Oxford v. Williams Cos., Inc.*, 154 F. Supp. 2d 942, 946, 951-54 (E.D. Tex. 2001). Wethy may or may not file a new suit, but "plain legal prejudice" does not include the mere prospect of another suit or the mere incursion of expense. *See Harris*, 500 F. App'x at 268.

Accordingly, the undersigned recommends that the Court should grant the Notice of Nonsuit without Prejudice [Dkt. No. 28] as to Wethy and, pursuant to Rule 41(a)(2), permit his voluntary dismissal of his claims against all defendants without prejudice. Further, in light of that dismissal, the Court should find as moot and terminate Defendants JPMorgan Chase Bank, N.A.'s and Mortgage Electronic Registration Systems, Inc.'s Motion to Dismiss [Dkt. No. 9], notwithstanding the undersigned's December 10, 2013 Findings, Conclusions, and Recommendation on that motion [Dkt. No. 27].

**Recommendation**

Plaintiff Bay Valley Family Land Trust should be dismissed from this action for failure to obtain legal counsel. The Court should grant the Notice of Nonsuit without Prejudice [Dkt. No. 28] as to Plaintiff David M. Wethy and, pursuant to Rule 41(a)(2), permit his voluntary dismissal of his claims against all defendants without prejudice. In light of those dismissals of Plaintiff Bay Valley Family Land Trust and of Plaintiff David M. Wethy's claims, the Court should find as moot and terminate Defendants JPMorgan Chase Bank, N.A.'s and Mortgage Electronic Registration Systems, Inc.'s Motion to Dismiss [Dkt. No. 9]. And, for the reasons explained in the undersigned's December 10, 2013 Findings, Conclusions, and Recommendation [Dkt. No. 27], Defendants JPMorgan Chase Bank, N.A.'s and Mortgage Electronic Registration Systems, Inc.'s Motion for Pre-Filing Injunction [Dkt. No. 14] should be denied without prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure

to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 27, 2014

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE